IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

FEBRUARY 1999 SESSION



**FILED**

**May 4, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 03C01-9806-CR-00210 |
| Appellee, | ) | |
| | ) | Knox County |
| v. | ) | |
| | ) | Honorable Mary Beth Leibowitz, Judge |
| DIANE TAYLOR, | ) | |
| | ) | (Sentencing) |
| Appellant. | ) | |


FOR THE APPELLANT:

Mark E. Stephens
District Public Defender
1209 Euclid Avenue
Knoxville, TN 37921

Paula R. Voss
Assistant Public Defender
1209 Euclid Avenue
Knoxville, TN 37921
(On Appeal)

Julia C. Auer
Assistant Public Defender
1209 Euclid Avenue
Knoxville, TN 37921
(At Trial)

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue North
Nashville, TN 37243-0493

Todd R. Kelley
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

Randall E. Nichols
District Attorney General
400 Main Street
Knoxville, TN 37901-1468

William J. Blevins
Assistant District Attorney General
400 Main Street
Knoxville, TN 37901-1468


OPINION FILED: _____


AFFIRMED


L. T. LAFFERTY, SENIOR JUDGE

# O P I N I O N

The defendant, Diane Taylor, indicted for six counts of passing worthless checks, a Class D felony, entered pleas of guilty in four of the six counts. A sentencing hearing was requested for the trial court to determine if each count should be served concurrently or consecutively with prior unserved sentences in Kentucky. The trial court ordered the sentences to be served concurrently with each other but consecutively to the Kentucky sentences.

In this appeal of right, the defendant challenges the trial court's imposition of consecutive sentences. After a review of the record, briefs of the parties, and applicable law, we affirm the judgment of the trial court.

## BACKGROUND

In the July term of 1997, the Knox County grand jury returned a presentment accusing the defendant of passing six worthless checks to various business in November, 1996. The worthless checks were in the amounts of $1,200.00, $2,381.49, $970.42, $3,030.98, $2,527.57, and $1,604.02, totaling $11,714.48. On January 20, 1998, the defendant entered four pleas of guilty, in counts 1, 2, 5, and 6, to passing worthless checks, a Class D felony. Counts 3 and 4 were dismissed. The agreed sentences were four years on each count to run concurrently; however, the trial court was to determine if the sentences would be served concurrently or consecutively with present Kentucky sentences. A presentence report was requested for the sentencing hearing of February 13, 1998. The record does not contain a transcript of the guilty plea hearing.

## SENTENCING HEARING

As of February 13, 1998, the defendant was serving a six-year sentence imposed by the Circuit Court of Fayette County, Kentucky. The defendant also had a sentencing hearing pending in the Circuit Court of Jefferson County, Kentucky to determine if a five-

year sentence would be served concurrently or consecutively to the six-year sentence. These sentences are for the defendant's convictions of theft by deception, bad checks.

The defendant testified she is a resident of Kentucky and that her family resides in Lexington, Kentucky. The defendant verified she began serving her six-year sentence in April, 1997. In October, 1996, the defendant was employed at a video store in Lexington, Kentucky. The defendant, describing herself as having emotional problems and suffering from depression and low self-esteem, developed a relationship with two of her bosses, Branton Johnson and Clayton Lewis. The defendant had sought treatment for her mental problems and so advised Johnson and Lewis. The defendant developed a closer relationship with Johnson, describing the relationship as "really good friends, or so I thought."

In October and November, 1996, both Johnson and Lewis had the defendant write bad checks in Kentucky and Tennessee. Johnson would tell the defendant where to go, exactly what to buy, and then the defendant would write out the checks. During the transactions, Johnson would maintain contact with her by a cellular phone. On each occasion, at least one of the men would accompany her. She gave them the proceeds, keeping nothing for herself. The defendant related that it was Johnson's idea to come to Tennessee and commit these offenses. The defendant testified that she was mentally coerced into writing the various worthless checks. However, she admitted that she wrote the checks, accepted her responsibility, and knew that it was wrong. The defendant admitted she had a past history of misdemeanor convictions for passing worthless checks in 1991. Also, the defendant advised the trial court that she had eight counts of theft by deception dismissed in Fayette County, Kentucky. At the conclusion of the sentencing hearing, the trial court ordered the sentences to be served consecutively to the Kentucky sentences.

**SENTENCING CONSIDERATIONS**

3

The defendant contends her convictions do not meet the criteria required by law for consecutive sentencing, and the trial court failed to place on the record the reasons for consecutive sentencing in violation of the Sentencing Act of 1989. The state disagrees, but concedes the trial court failed to fully comply with the statutory principles of sentencing, and the presumption of correctness does not apply.

When there is a challenge to the length, range, or matter of service of a sentence, it is the duty of this Court to conduct a **de novo** review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby,* 823 S.W.2d 166, 169 (Tenn. 1991); *see State v. Jones,* 883 S.W.2d 597, 600 (Tenn. 1994). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of: (1) the evidence, if any, received at the trial or sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in her own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102 to -103, -210; *State v. Smith,* 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987). Although the defendant and the state contend the trial court did not comply with the sentencing principles of the Sentencing Act of 1989, our review of the record leads us to believe the trial court substantially complied with sentencing principles. Thus, our review is with a presumption of correctness.

Consecutive sentences may be imposed in the discretion of the trial court, based upon a preponderance of the evidence, only upon a determination that one or more of the following criteria exists:

> (1) The defendant is a professional criminal who has knowingly devoted such defendant's life to criminal

4

acts as a major source of livelihood;

(2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).

Our review of this issue reveals that Tenn. R. Crim. P. 32(c)(2) is also relevant. "If the defendant has additional sentences or portions thereof to serve, as the result of conviction in other states or in federal court, the sentence imposed shall be consecutive thereto unless the court shall determine in the exercise of its discretion that good cause exists to run the sentences concurrently and explicitly so orders." *State v. Michael S. Holmes,* No. 02C01-9802-CC-00048, 1998 WL 779612, at *6 (Tenn. Crim. App., Jackson, November 10, 1998).

At the sentencing hearing, the trial court found the defendant had several prior convictions for theft by deception (worthless checks in Kentucky), the defendant had similar offenses pending in a sentencing hearing in Kentucky, the defendant had eight similar counts dismissed in Fayette County, Kentucky, and the defendant had a prior

5

misdemeanor conviction for passing a worthless check in 1991. Furthermore, the trial court found that the fraudulent checks were for an enormous amount of money, close to $10,000,[1] causing major harm to the victims in this state, and the defendant traveled to Tennessee and engaged in writing these worthless checks, knowing full well that it was wrong. The trial court also found that the defendant may have been threatened in committing these offenses; that she did not receive any of the proceeds; and that the incidents presented no physical injury to others. The trial court commented on the fact that had the defendant never been in Kentucky but committed only the Tennessee offenses, she would probably be eligible for probation, stating, "I wish I could do something in between what I have here, in between the two. I'm not sure how I could possibly structure such a thing. I really can't."

There has been no showing of good cause which would dictate the running of these sentences concurrently with the defendant's Kentucky convictions. The trial court did not find any, nor do we. The judgment of the trial court is affirmed.

_____
L. T. LAFFERTY, SENIOR JUDGE

CONCUR:

_____
JERRY L. SMITH, JUDGE

_____
THOMAS T. WOODALL, JUDGE

---

[1]The actual amount totaled $11,714.48.